1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSAM KADDOURA, | CASE NO. 1:11-cv–01422-LJO-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| MATTHEW CATE, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |
| _____/ | |

**I.     Screening Requirement**

Plaintiff Hosam Kaddoura is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the complaint, filed August 25, 2011.  (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

1    Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

2  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

3  higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive

4  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to

5  allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,

6  Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969

7  (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and

8  "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility

9  standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

10  **II.    Discussion**

11    Plaintiff brings this action against Director of the California Department of Corrections and

12  Rehabilitation Matthew Cate, Warden Chavez, Captain Calhoun and thirty unnamed defendants.

13  Plaintiff states that the senior officers and staff at the prison violated his rights, and brings unrelated

14  claims of excessive force, deliberate indifference to medical care, failure to protect, retaliation,

15  religious discrimination, due process violations, violations of the Americans with Disabilities Act,

16  and torture under the Code of Federal Regulations, as well as state law claims.

17    Government officials may not be held liable for the actions of their subordinates under a

18  theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. A supervisor may only be held liable for

19  the actions of his subordinates under section 1983 if he "participated in or directed the violations,

20  or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th

21  Cir. 1989). Since a government official cannot be held liable under a theory of vicarious liability

22  for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through

23  his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983,

24  Plaintiff must link each named defendant with some affirmative act or omission that demonstrates

25  a violation of Plaintiff's federal rights.

26    In his complaint, Plaintiff alleges two incidents of excessive force, several incidents of denial

27  of medical care, failure to protect him from an inmate attack, withholding of his mail, several

28  incidents of failure to accommodate his disability, interference with his religious practice, etc. The

2

events are separate and distinct and they involve unrelated defendants. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Because Plaintiff's complaint fails to comply with the Federal Rules of Civil Procedure it shall be dismissed, with leave to amend.

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint. Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party. In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

**III.    Conclusion and Order**

Plaintiff's complaint shall be dismissed for failing to comply with the Federal Rules of Civil Procedure. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

1   Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

2   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

3   Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the

4   duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

5   caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although

6   accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

7   speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

8   Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

9   114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

10   be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All

11   causes of action alleged in an original complaint which are not alleged in an amended complaint are

12   waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

13   Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

14   Based on the foregoing, it is HEREBY ORDERED that:

15   1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

16   2.   Plaintiff's complaint, filed August 25, 2011, is dismissed for failure to comply with

17        the Federal Rules of Civil Procedure;

18   3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

19        amended complaint; and

20   4.   If Plaintiff fails to file an amended complaint in compliance with this order, this

21        action will be dismissed for failure to prosecute.

23   IT IS SO ORDERED.

24   **Dated:   August 27, 2012**        **/s/ Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE

4