# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSAM KADDOURA, | CASE NO. 1:11-cv–01422-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| MATTHEW CATE, et al., | (ECF No. 22) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

## I.   Screening Requirement

Plaintiff Hosam Kaddoura is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 27, 2012, Plaintiff's complaint was dismissed, with leave to file an amended complaint within thirty days that complied with the Federal Rules of Civil Procedure. (ECF Nos. 1, 21.) Plaintiff filed a first amended complaint on September 21, 2012. (ECF No. 22.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

**II.     Discussion**

Plaintiff brings this action against thirteen defendants at Sierra Conservation for Center ("SSC") alleging deliberate indifference to serious medical needs and conditions of confinement, excessive force, and failure to protect in violation of the Eighth Amendment, retaliation in violation of the First Amendment, due process in violation of the Fourteenth Amendment, violations of the Americans With Disabilities Act ("ADA"), and medical malpractice under state law.

**A.     Plaintiff's First Cause of Action**

On April 8, 2010, Defendant Bickell attempted to have Plaintiff moved to an upper tier dorm. Plaintiff showed Defendant Bickell his medical chronos for lower tier, lower bunk accommodations. Plaintiff claims that while he was complying with the orders of Defendant Bickell, Defendant Bickell

took him to his knees and landed on Plaintiff's back.  Plaintiff states that he suffered two fractured ribs, displacement of his rib cage, and knee and back injuries.  Plaintiff alleges Defendant Bickell used excessive force in violation of the Eighth Amendment.  (Am. Compl. 7, 18,[1] ECF No. 22.)

### B. Plaintiff's Second Cause of Action

On October 8, 2010, Defendants Bogle, Bergthold, and two other officers surrounded Plaintiff and began cursing at him in an attempt to provoke Plaintiff by claiming that he had ignored the Plaza Officer's instructions.  Plaintiff was handcuffed and searched.  As Defendant Bergthold was escorting Plaintiff, Defendant Bergthold pushed Plaintiff causing him to almost lose his balance.  Plaintiff turned around and told Defendant Bergthold not to push him.  Defendant Bergthold took Plaintiff to the ground and an unknown officer twisted Plaintiff's leg.  Plaintiff claims he suffered a fractured ankle and febula, and severe knee and back injuries.  Plaintiff alleges that Defendants Bogle and Bergthold used excessive force in violation of the Eighth Amendment.  (Id. at 8, 18.)

### C. Plaintiff's Third Cause of Action

After Plaintiff was injured during the incident on October 8, 2010, he was examined by Defendant Bangi.  Defendant Bangi examined Plaintiff's leg and did not order an x-ray or prescribe pain medication despite the fact Plaintiff was in pain.  Plaintiff's leg was swollen and he was in pain by the time he arrived at administrative segregation.  Plaintiff requested to be seen by a doctor and a nurse submitted a request, which was denied.  Plaintiff begged for pain medication during his one week stay in administrative segregation and it was denied.  Plaintiff received an x-ray on October 15, 2010, which showed that his ankle and febula were fractured.  (Id. at 9.)

On the fourth or fifth day that Plaintiff was in administrative segregation an unknown nurse, Defendant Doe, saw Plaintiff and told him that she would authorize pain and anti-inflammatory medications immediately and would order an x-ray.  Plaintiff did not receive an x-ray until several days later and pain medication until a doctor prescribed it on October 18, 2010.  Plaintiff alleges that Defendants Bangi and Doe exhibited deliberate indifference to serious medical needs under the Eighth Amendment and medical malpractice under state law.  (Id. at 10, 19.)

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

3

**D.     Plaintiff's Fourth Cause of Action**

After Plaintiff was involved in the use of force incident involving Defendant Bickell on April 8, 2010, Plaintiff was placed in administrative segregation and celled with inmate Raymond Rodriguez, who was in administrative segregation because he broke another inmate's nose. Plaintiff requested that he be moved from the cell because inmate Rodriguez was mentally unstable, dangerous, and threatening. Plaintiff told Defendant Calhoun that he wanted to be moved at an Institutional Classification Hearing on April 15, 2010.

On several occasions, Plaintiff asked Defendant Darbi and other correctional personnel to move him. Plaintiff submitted an inmate appeal that was denied, included his request in a petition to Toulome County Superior Court, and told his psychiatrist and psychologist about the danger, but was not moved. On March 14, 2010, Plaintiff was attacked by inmate Rodriguez and his left ear was injured. Plaintiff reported the attack on May 17, 2010, and Defendant Darbi moved him to another cell. Plaintiff alleges Defendants Calhoun and Darbi were deliberately indifferent to his safety in violation of the Eighth Amendment. (Id. at 11, 20.)

**E.     Plaintiff's Fifth Cause of Action**

After being released from administrative segregation on July 8, 2010, Defendant Gilmore placed Plaintiff in a cell with the "southsiders gang". Defendant Gilmore moved one of the gang members to another dorm and gave Plaintiff the "whole rack (2 beds)." The gang members got angry and threatened to harm Plaintiff if he did not move out of the dorm. Plaintiff told Defendants Calhoun, Allen, and Gilmore about the threat and they refused to move Plaintiff. After four days, Plaintiff was moved to another dorm. Plaintiff alleges that Defendants Gilmore, Calhoun and Allen placed his life in danger and were deliberately indifferent to his safety violating their duty to protect him. (Id. at 12, 20.)

**F.     Plaintiff's Sixth Cause of Action**

In March 2011, Plaintiff had a reclassification hearing with Defendants Calhoun and Spatola. Plaintiff had received a medical endorsement to be moved to San Quentin due to his breathing problems. Defendant Calhoun went against the advice of his medical providers and cancelled the endorsement and endorsed Plaintiff to remain at SSC. Plaintiff alleges Defendant Calhoun was

4

deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (Id. at 13, 21.)

### G. Plaintiff's Seventh Cause of Action

In May 2011, Plaintiff had a meeting with Defendants Spatola and Bird to restore time credits that he had lost. They refused to restore Plaintiff's time credits and retaliated against Plaintiff by extending his disciplinary period and finding Plaintiff ineligible for non-revocable parole, falsely claiming Plaintiff had a serious violent felony on his record. The decision was appealed and overturned. Plaintiff alleges that Defendants Spatola and Bird's action constituted cruel and unusual punishment in violation of the Eighth Amendment. (Id. at 14, 21.)

### H. Plaintiff's Eighth Cause of Action

In April 2010, while housed in administrative segregation, Plaintiff submitted an ADA request due to a chest problem caused by hot weather. Plaintiff's request was denied and he submitted an appeal. Plaintiff's appeal was referred to Defendant Quinn who denied his request based upon an allegedly false medical chrono issued by Defendant Forster that stated Plaintiff was in good health, while other chronos had been issued by other doctors recommending Plaintiff be transferred due to his breathing problems. Plaintiff alleges that Defendant Quinn's actions violated his rights under the ADA and were in deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Id. at 15, 21.)

### I. Plaintiff's Ninth Cause of Action

Defendant Forster provided Defendant Quinn a medical chrono falsely stating that Plaintiff was in good health that was used to deny Plaintiff's ADA accommodation request. Defendant Foster did not examine Plaintiff or review his medical file in issuing the chrono. Plaintiff alleges that Defendant Forster exhibited deliberate indifference in violation of the Eighth Amendment and medical malpractice in violation of state law. (Id. at 16, 22.)

### J. Plaintiff's Tenth Cause of Action

Defendant Calhoun conducted rule violation hearings in which Plaintiff was charged for the incidents that occurred on April 8, 2010, and October 8, 2010. Defendant Calhoun did not allow Plaintiff to use the video tapes of the incidents to defend himself in the rule violation hearing or

permit Plaintiff to take a polygraph test. Plaintiff was found guilty of the rule violation. Plaintiff claims that had he been able to use the video to defend himself he would have been found innocent and released from prison 73 days earlier. Plaintiff states the failure to allow him to use the video tape is deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment and violates the Due Process Clause of the Fourteenth Amendment. (Id. at 17, 19.)

As alleged, Plaintiff's claims are improperly joined and are unable to proceed in the same action. Upon review of the claims set forth in the amended complaint, whether joinder of the majority of Plaintiff's claims is proper under Federal Rules of Civil Procedure 18 and 20 is determined by the claims set forth against Defendant Calhoun. Therefore, this action should proceed against Defendant Calhoun and those claims which are properly joined. Plaintiff should be granted the opportunity to file an amended complaint to cure the deficiencies in his claims or to proceed on those claims that are properly joined as discussed below.

### III. Legal Standards

#### A. Eight Amendment

##### 1. Conditions of Confinement

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

##### 2. Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096

6

(9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

### 3. Excessive Force

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S. Ct. 995, 998 (1992); Whitley v. Albers, 475 U.S. 312, 320, 106 S. Ct. 1078, 1085 (312).

"The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8, 112 S. Ct. at 1000 (internal quotation marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, __ U.S. __, 130 S. Ct. 1175, 1178 (2010). However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins, 130 S. Ct. at 1179 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury

7

inflicted." Whitley, 475 U.S. at 321, 106 S. Ct. at 1085; Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003). Although the extent of the injury is relevant, the inmate does not need to sustain serious injury. Wilkins, 130 S. Ct. at 1178-79; Hudson, 503 U.S. at 7, 112 S. Ct. at 999.

### 4. Failure to Protect

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472, 115 S. Ct. 2293 (1995)). To state a claim the plaintiff must show that the defendants acted with deliberate indifference. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).

## B. Retaliation

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

## C. Americans With Disabilities Act

Title II of the Americans with Disabilities Act ("ADA") prohibits discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S. Ct. 1952, 1955 (1998); see also Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010).

To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was "excluded from participation in or denied the benefits of the

public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (3) "such exclusion or discrimination, or denial of benefits was because of his disability." Simmons, 609 F.3d at 1021 (citations omitted); Martin v. California Dept. of Veterans Affairs, 560 F.3d 1042, 1047 (9th Cir. 2009).

### D. Joinder

Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "[U]nrelated claims against different defendants belong in separate suits, not only to prevent the sort of morass produced by multi-claim, multi-defendants suits . . ., but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act. Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (internal punctuation and citations omitted).

A party may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).

## IV. Discussion

### A. First Cause of Action

Plaintiff's allegation that, while he was complying with orders, Defendant Bickell took him to his knees and landed on Plaintiff's back with enough force to fracture two of Plaintiff's ribs, displace his rib cage, and cause knee and back injuries is sufficient to state a cognizable claim for excessive force in violation of the Eighth Amendment.

### B. Second Cause of Action

Although Plaintiff claims that Defendants Bergthold and Bogle and two other officers assaulted him on October 8, 2010, Plaintiff fails to alleges any facts to show that Defendant Bogle

9

used excessive force. Plaintiff claims that the officers surrounded him and began to curse at him, but he does not allege the use of any physical force and cannot state an excessive force claim based on officers yelling at him. See Hudson, 503 U.S. at 7, 112 S. Ct. at 998 ("whenever prison official is accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether [the] force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). Further, neither verbal harassment nor verbal threats, without more, give rise to a violation of the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) verbal threats); Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987) (verbal threats); Gaut v. Sunn, 810 F.2d 923, 925 (9th 1987) (verbal harassment).

As the amended complaint does not set forth any use of physical force by Defendant Bogle, Plaintiff fails to state a cognizable claim against Defendant Bogle. At the pleading stage, Plaintiff's allegations that Defendant Bergthold took Plaintiff to the ground, causing severe back and knee injuries, when Plaintiff told him not to push him, and an unknown officer twisted his leg causing a fractured ankle and febula is sufficient to state a cognizable claim for excessive force in violation of the Eighth Amendment.

**C.     Third Cause of Action**

Plaintiff states that Defendant Bangi did not order pain medication after examining him on October 8, 2010, however there are no facts alleged to show that Defendant Bangi was aware that Plaintiff was in pain and required pain medication. Similarly, while Defendant Bangi did not order an x-ray, the complaint fails to show that he was aware of facts from which he could make an inference that Plaintiff's leg was fractured and x-rays were needed or that he made such an inference. Farmer, 511 U.S. at 837, 114 S. Ct. at 1979. Plaintiff has failed to allege facts to show that Defendant Bangi's failure to order an x-ray was more than negligence which is insufficient to state a claim for deliberate indifference. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057. The amended complaint fails to set forth factual allegations to show that Defendant Bangi was aware of a serious medical need and failed to adequately respond. Simmons, 609 F.3d at 1018.

Plaintiff states on the fourth or fifth day that he was in administrative segregation, Defendant Doe told him that she would authorize pain and anti-inflammatory medications immediately and would order an x-ray. Plaintiff did not receive an x-ray until several days later and pain medication until a doctor prescribed it on October 18, 2010. Plaintiff received an x-ray within several days of the nurse informing him that his leg would be x-rayed, which indicates that Defendant Doe did not fail to act in response to Plaintiff's medical need, but did submit a request for Plaintiff to receive an x-ray. Although Plaintiff did not receive an x-ray on the same day, he fails to show that he suffered substantial harm from the several day delay. Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984). Plaintiff fails to state a claim against Defendant Doe based upon not receiving an x-ray until "several days" after he was told it would be requested.

However, Plaintiff's allegation that Defendant Doe was aware he was in pain and informed him that she would authorize medication which he did not receive until approximately five days later is sufficient to state a claim for deliberate indifference to serious medical needs.[2]

### D. Fourth Cause of Action

Plaintiff's complains that, after Defendants Calhoun and Darbi refused to move him when he complained that his cellmate was mentally unstable, dangerous, and threatening, he was attacked by his cellmate. This is sufficient to state a claim against Defendants Calhoun and Darbi for failure to protect in violation of the Eighth Amendment.

### E. Fifth Cause of Action

Plaintiff's allegation that Defendants Gilmore, Calhoun, and Allen placed his life in danger and were deliberately indifferent to his safety by housing him with "southsiders" fails to state a cognizable claim. In order to state a claim under the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes, 452 U.S. at 347. Plaintiff's complaint that he was housed in a dormitory with gang members does not rise to the level of a

---

[2] The Court declines to analyze Plaintiff's state law claims for medical malpractice since these claims are improperly joined in this action as discussed below.

constitutional violation. Although Plaintiff alleges that Defendants Gilmore, Calhoun, and Allen failed to move him after he complained about threats from the "southsiders," Plaintiff was moved after four days; and he does not allege that he suffered any harm from the housing assignment.

Courts of appeals have left open the possibility that a prisoner who is not attacked, but faces a risk of attack, may be able to recover for an Eighth Amendment violation. Benefield v. McDowall, 241 F.3d 1267, 1271 (10th Cir. 2001) ("the Eighth Amendment may be implicated not only to physical injury, but also by the infliction of psychological harm.") (citing McMillian, 503 U.S. at 16, 17 (Balckmun, J. concurring)). However, in the absence of a physical attack, courts have not found that the deprivation was sufficiently serious to violate the Cruel and Unusual Punishment Clause of the Eighth Amendment. See Babcock v. White, 102 F.3d 267, 273 (7th Cir. 1996) (exposing an inmate to a risk of violence at the hands of other inmates is not the egregious misconduct that would rise to a constitutional violation); Doe v. Welborn, 110 F.3d 520, 523 (7th Cir. 1997) (living in constant fear of assault, where no assault occurred, is not a "deprivation of 'the minimal civilized measures of life's necessities,' that is the touchstone of a conditions-of-confinement case"); Gonzales v. San Bernardino County, No. 5:11-cv-01028-MAN, 2011 WL 3204463, at *2 (C.D.Cal. July 26, 2011) (finding no Eighth Amendment claim where inmate feared assault but suffered no injury); Gross v. Nalley, No. 5:08-cv-03160-SAC, 2011 WL 2836747, *3 (D.Kan. June 28, 2011) (inmate's Eighth Amendment claim where he fails to allege physical harm is barred by the Prison Litigation Reform Act which precludes a federal action "for mental or emotional injury suffered while in custody without a prior showing of physical injury" (citing 42 U.S.C. § 1997e(e)). The Court finds that Plaintiff's claim is unable to be cured by amendment; and this claim should be dismissed, with prejudice, for failure to state a claim.

**F.     Sixth Cause of Action**

Plaintiff's allegation that Defendant Calhoun went against the advice of his medical providers and cancelled the endorsement to transfer him to San Quentin due to his medical condition is sufficient to state a cognizable claim for deliberate indifference.

**G.     Seventh Cause of Action**

Plaintiff claims that Defendants Spatola and Bird refused to restore time credits that he had

lost and retaliated against Plaintiff by extending his disciplinary period and finding Plaintiff ineligible for non-revocable parole. Plaintiff fails to allege that the action was taken because of his protected conduct, that the action chilled the exercise of his First Amendment rights, or that the action did not reasonably advance a legitimate correctional goal. Rhodes, 408 F.3d at 567. Plaintiff fails to state a cognizable claim for retaliation.

Plaintiff's allegation that Defendants Spatola and Bird acted with deliberate indifference fails to state a claim. Failing to restore his time credits, extending his disciplinary period, and finding him ineligible for non-revocable parole does not deprive Plaintiff of the "minimal civilized measure of life's necessities." Nor does the complaint set forth facts to show that Plaintiff was at a substantial risk of serious harm by failing to restore his time credits or by extending his disciplinary period and finding him ineligible for non-revocable parole. Jeffrey v. Bennge, No. 1:06-cv-00752-OWW-SMS PC; 2008 WL 2131562, *4 (E.D.Cal. May 21, 2008) (conviction of rule violation and resulting loss of time credits do not provide a basis for liability under the Eighth Amendment); Del Rio v. Hall, No. 5:05-cv-00219-ABC, 2008 WL 744839, *8 9 (C.D.Cal. Mar. 18, 2008) (discipline imposed for rule violation does not rise to deprivation of "minimal civilized measure of life's necessities").

**H.    Eighth Cause of Action**

Plaintiff alleges that Defendant Quinn denied his ADA request based upon an allegedly false medical chrono issued by Defendant Forster that stated Plaintiff was in good health. Plaintiff has failed to show that he is an qualified individual with a disability under the ADA and therefore fails to state a cognizable claim for violation of the ADA.

Plaintiff alleges that Defendant Quinn relied on a report by Defendant Forster that stated he was in good health and denied his transfer. In denying Plaintiff's request for a transfer because the physician's report stated Plaintiff was in good health, Defendant Quinn did not act with the requisite state of mind to state a claim for deliberate indifference. Plaintiff fails to state a cognizable claim for deliberate indifference.

**I.    Ninth Cause of Action**

Plaintiff alleges that Defendant Forster submitted a report that Plaintiff was in good health, while other chronos had been issued by other doctors recommending Plaintiff be transferred due to

13

his breathing problems. A difference of opinion between medical providers regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To state a claim under these conditions requires the plaintiff to "show that the course of treatment the doctors choose was medically unacceptable under the circumstances, . . . and . . . they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff has failed to state a claim for deliberate indifference against Defendant Forster.

### J. Tenth Cause of Action

Plaintiff's claim that he was not allowed to use the video tape in his rule violation hearings is a direct challenge of the guilty finding which resulted in the imposition of a loss of time credits. When a prisoner is challenging the legality or duration of his custody and the relief he seeks is immediate or speedier release, his sole federal remedy is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). Often referred to as the favorable termination rule, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or *indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody*." Wilkinson v. Dotson, 544 U.S. 74, 81, 125 S. Ct. 1242, 1247 (2005) (emphasis added). Thus, a "prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82, 125 S. Ct. at 1248.

Plaintiff is clearly challenging the legality or duration of his custody. Plaintiff is directly challenging the guilty finding and alleges he was falsely convicted of the rule violation and lost time credits. Since success on this claim would necessarily demonstrate the invalidity of his confinement or its duration, the sole remedy available to Plaintiff is a writ of habeas corpus. This claim should be dismissed, without leave to amend.

### K. Joinder

Plaintiff was advised in the order dismissing his complaint that he must comply with Federal

1 Rules of Civil Procedure 18 and 20, and if he failed to file a complaint that complied with the federal
2 rules his claims that were improperly joined would be dismissed from this action. (Order Dismissing
3 Complaint, With Leave to Amend 3:13-22.) As discussed above, the Court has determined that this
4 action should proceed against Defendant Calhoun and those claims that are properly joined under
5 Rules 18 and 20.

6 Plaintiff has stated a claim against Defendant Calhoun and Darbi for failure to protect
7 Plaintiff from being attacked by his cellmate while placed in administrative segregation, and against
8 Defendant Calhoun for cancelling his endorsement to be transferred to San Quentin due to his
9 serious medical needs. These claims are properly joined and may proceed in this action.

10 Plaintiff cannot bring his claim based upon the refusal to allow him to present the video tape
11 in the rule violation hearing as it is barred unless he can demonstrate that the conviction has been
12 invalidated. Although Plaintiff was placed in administrative segregation due to the incident that
13 occurred on April 8, 2010, this is insufficient to allow joinder of Plaintiff's claim based upon the
14 attack by his cellmate. The failure to protect claim does not arise out of the excessive force incident,
15 and there are not common questions of law and fact between the incidents. The reason that Plaintiff
16 was placed in administrative segregation is not relevant to Plaintiff's failure to protect claim and the
17 claims will not require the presentation of the same evidence or witnesses.

18 Therefore, the excessive force claims and those claims arising from the April 8, 2010, and
19 October 8, 2010, incidents are not properly joined in this action. Accordingly, Plaintiff's first,
20 second, third, seventh, and tenth causes of action should be dismissed from this action without leave
21 to amend.

22 **V.     Recommendation and Order**

23 Plaintiff's first amended complaint states a cognizable claim against Defendants Calhoun and
24 Darbi for failure to protect and Defendant Calhoun for deliberate indifference in violation of the
25 Eighth Amendment, however the remainder of Plaintiff's claims either fail to state a claim under
26 section 1983 or are improperly joined in this action. The Court should provide Plaintiff with the
27 opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.
28 Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's first, second, third, and seventh causes of action be dismissed, without leave to amend, as improperly joined in this action under Federal Rules of Civil Procedure 18 and 20;

2. Plaintiff's fifth cause of action be dismissed, with prejudice, for failure to state a claim;

3. Plaintiff's tenth cause of action be dismissed, without leave to amend, as barred by the favorable termination rule;

4. Defendants Bickell, Bergthold, Bogle, Bangi, Gilmore, Allen, Spatola, Bird, and Does be dismissed from this action as improperly joined under Federal Rules of Civil Procedure 18 and 20; and

5. Plaintiff be ordered to either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants Calhoun and Darbi.[3]

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

///
///
///
///

---

[3] Plaintiff is advised that he has not been granted leave to file an amended complaint. When the District Court issues an order, Plaintiff will be given a deadline by which to either file an amended complaint or notify the Court that he wishes to proceed on the amended complaint.

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 26, 2012**                             **/s/ Barbara A. McAuliffe**
                                                          UNITED STATES MAGISTRATE JUDGE