UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSAM KADDOURA,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-01422-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 38) |

**I.    Screening Requirement**

Plaintiff Hosam Kaddoura ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 21, 2012, the Court issued an order dismissing certain claims and defendants from this action and directing Plaintiff to either file an amended complaint or notify the Court that he wished to proceed on the cognizable claims against Defendants Calhoun and Darbi. (ECF No. 25.) Plaintiff's second amended complaint, filed on November 8, 2013, is currently before the Court for screening. (ECF No. 38.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff alleges as follows:

April 8, 2010 Incident

On April 8, 2010, Officer Bickell assaulted Plaintiff while he was in handcuffs on Yard II. Officer Bickell wanted to move Plaintiff to an upper tier dorm, but Plaintiff could not move due to his medical condition, which was documented in medical chromos recommending lower tier, lower bed accommodation. Plaintiff showed the chronos to Officer Bickell, but Officer Bickell insisted on moving Plaintiff. Officer Bickell ordered Plaintiff to turn around. When Plaintiff complied, Officer Bickell handcuffed Plaintiff, pushed Plaintiff down and then landed his knees very hard on Plaintiff's back. As a result, Plaintiff suffered two fractured ribs, displacement of rib cage, and knee and back

injuries. Plaintiff claims that the incident was caught on surveillance tape, which was sent to the DA. The DA declined to prosecute Plaintiff.

### May 14, 2010 Incident

After the assault on April 8, 2010, Plaintiff was placed in administrative segregation with an inmate named Raymond Rodriguez. Inmate Rodriguez was in administrative segregation because he broke another inmate's nose. Plaintiff requested removal from the cell because Inmate Rodriguez was mentally unstable, dangerous and threatening. Plaintiff made his request for removal to Captain Calhoun during an Institutional Classification Hearing on April 15, 2010. Plaintiff also made his request to Sergeant Darbi several times. Plaintiff's requests were denied.

On May 14, 2010, Inmate Rodriguez attacked Plaintiff and injured Plaintiff's head. On May 17, 2010, Plaintiff still had pain in his head. The duty nurse examined Plaintiff and filled out a form showing an injury on the left ear. On that same date, Sergeant Darbi moved Plaintiff to another cell.

### October 8, 2010 Incident

On October 8, 2010, Officer Bergthold and an unknown officer assaulted Plaintiff while he was in handcuffs in the medical plaza. Plaintiff was in the medical clinic when four officers came in, surrounded Plaintiff and started cussing at Plaintiff to provoke him. The officers claimed that Plaintiff had ignored the plaza officer's instructions. The officers then took Plaintiff outside, searched him and then handcuffed him. Plaintiff complied with their instructions.

As Officer Bergthold was escorting Plaintiff to the unit office, Officer Bergthold pushed Plaintiff very hard. Plaintiff turned around and told Officer Bergthold not to push him. Officer Bergthold then took Plaintiff down very hard. While Plaintiff was on his stomach, the officers turned Plaintiff around under the staircase and one of the officers twisted Plaintiff's leg. As a result, Plaintiff suffered a fractured ankle, a fractured fibula and severe knee and back injuries. This incident also was captured on video surveillance tape.

After the assault on October 8, 2010, Dr. Bangi briefly examined Plaintiff's leg. Plaintiff was not able to walk or to put any weight on his leg, but Dr. Bangi did not order an x-ray or prescribe any pain medication.

The officers then took Plaintiff to administrative segregation. By the time Plaintiff reached administrative segregation, his leg was very swollen and he was in pain. Plaintiff asked to see a doctor or a nurse and submitted his request in writing. Plaintiff's request was denied. During his one-week stay in administrative segregation, Plaintiff begged for pain pills, but his requests were denied. After repeated requests to see a doctor or a nurse, Nurse Doe came to see Plaintiff about four or five days after his leg injury. Nurse Doe promised that she would authorize pain and anti-inflammation medications and order an x-ray. Plaintiff did not get an x-ray for several days and did not get pain medication until October 18, 2010.

<u>March 2011</u>

In March 2011, Plaintiff attended a reclassification hearing with Ms. Spatola and Captain Calhoun. Plaintiff had a medical endorsement to be moved to San Quentin prison due to breathing problems. Although the Assistant Medical Chief and other doctors recommended the transfer, Captain Calhoun cancelled the endorsement and endorsed Plaintiff to the same prison where he had breathing problems. Captain Calhoun went against doctor recommendations and put Plaintiff in danger because of his health conditions.

Plaintiff asserts claims for the following: (1) excessive force in violation of the Eighth Amendment against Officer Bickell, Officer Bergthold and the unknown (doe) officer; (2) deliberate indifference to serious medical needs in violation of the Eighth Amendment against Nurse Doe and Captain Calhoun; and (3) failure to protect Plaintiff in violation of the Eighth Amendment against Captain Calhoun and Sergeant Darbi.

**III. Discussion**

**A. Improper Joinder**

As a preliminary matter, Plaintiff's second amended complaint does not comply with Federal Rule of Civil Procedure 18. Rule 18 states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a

multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Here, Plaintiff attempts to bring suit against multiple defendants for different incidents occurring at different times. For example, Plaintiff alleges excessive force by Officer Bickell arising out of an incident on April 10, 2010, while simultaneously alleging deliberate indifference to serious medical needs by Captain Calhoun in March 2011. Plaintiff may not pursue multiple unrelated claims against different defendants in a single action. Plaintiff may bring a claim against multiple defendants only if (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). In other words, Plaintiff cannot pursue a claim against Officer Bickell for excessive force arising out of an incident on April 10, 2010, and a claim against Captain Calhoun for deliberate indifference to serious medical needs arising out of events in March 2011 in the same action.

The Court previously determined that this action should proceed against Defendant Calhoun on those claims properly joined against Defendant Calhoun under Rules 18 and 20. Indeed, the Court also determined that the claims arising from the April 8, 2010, and October 8, 2010 incidents are not properly joined in this action. The Court therefore dismissed, without leave to amend, Plaintiff's excessive force claims against Defendants Bicknell, Bergthold and the unknown Doe officer and Plaintiff's deliberate indifference to serious medical needs claim against Defendant Nurse Doe based on improper joinder. (ECF Nos. 23, 25.)

Despite the Court's previous determinations and orders, Plaintiff has continued in his efforts to pursue the improperly joined and dismissed claims against Defendant Bicknell, Defendant Bergthold, Defendant unknown Doe Officer and Defendant Nurse Doe. As a result, further leave to amend shall not be granted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The Court therefore finds that this action should proceed solely on the claims involving Defendant Calhoun.

**B. Claims Against Defendant Calhoun**

    1. Eighth Amendment – Failure to Protect

Plaintiff alleges that Defendant Calhoun and Sergeant Darbi failed to protect Plaintiff from an assault by his administrative segregation cellmate, Inmate Rodriguez. Under the Eighth Amendment, "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994 ) (internal quotation marks and citation omitted). However, "not ... every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, id. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991 )), and that the prison official was deliberately indifferent to the risk of harm, id. at 837. To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

At the pleading stage, the Court finds that Plaintiff has stated a cognizable claim against Defendants Calhoun and Darbi for failure to protect Plaintiff in violation of the Eighth Amendment.

    2. Eighth Amendment – Deliberate Indifference to Serious Medical Needs

Plaintiff asserts that Defendant Calhoun was deliberately indifferent to Plaintiff's medical needs by cancelling an endorsement of Plaintiff to San Quentin despite medical recommendations and by endorsing Plaintiff to the same prison where he had breathing problems.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi, 391 F.3d at 1060. The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

At the pleading stage, the Court finds that Plaintiff has stated a cognizable claim against Defendant Calhoun for deliberate indifference to serious medical needs.

### IV. Conclusion and Recommendation

Plaintiff's second amended complaint states a cognizable claim against Defendants Calhoun and Darbi for failure to protect and a cognizable claim against Defendant Calhoun for deliberate indifference to serious medical needs in violation of the Eighth Amendment. However, the Court finds that the remaining claims and defendants are improperly joined in this action and should be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's claims against Defendants Calhoun and Darbi for failure to protect and against Defendant Calhoun for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed as improperly joined in this action under Federal Rules of Civil Procedure 18 and 20.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and

///
///
///
///
///

Recommendations." Plaintiff is advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 29, 2014**          /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE