UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSAM KADDOURA,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-01422-LJO-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 38, 39) |

Plaintiff Hosam Kaddoura ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 29, 2014, the Magistrate Judge issued Findings and Recommendations that this action proceed on Plaintiff's second amended complaint against Defendants Calhoun and Darbi for failure to protect and against Defendant Calhoun for deliberate indifference to serious medical needs in violation of the Eighth Amendment, but that all other remaining claims and defendants be dismissed as improperly joined in this action under Federal Rules of Civil Procedure 18 and 20.[1]  The Findings and Recommendations were served on Plaintiff and contained notice that any objections were to be filed within thirty days after service.

---

[1] By separate order, the Magistrate Judge directed Plaintiff to submit service documents for Defendants Calhoun and Darbi.  (ECF No. 40.)

1

1 (ECF No. 39.) On February 7, 2014, Plaintiff filed a request for reconsideration of the Findings and
2 Recommendations, which the Court construes as objections. (ECF No. 41.)

3 Plaintiff objects to the Magistrate Judge's determination that further leave to amend should not
4 be granted. (ECF No. 39.) Plaintiff requests that the Court allow him an additional opportunity to
5 amend his complaint. Plaintiff relies on the liberal amendment standard of Federal Rule of Civil
6 Procedure 15 and related case law to support his request. Plaintiff believes that if he hires an attorney,
7 then he will be able to cure the deficiencies identified by the Magistrate Judge.

8 In this instance, the Magistrate Judge determined that Plaintiff was attempting to pursue claims
9 against multiple defendants for different incidents occurring at different times in violation of Federal
10 Rules of Civil Procedure 18 and 20. The Magistrate Judge noted that the Court previously had
11 determined that this action should proceed only on those claims properly joined against Defendant
12 Calhoun and that Defendants Bicknell, Bergthold, Unknown Doe Officer and Nurse Doe had been
13 dismissed from the action. (ECF Nos. 23, 25, and 39, p. 5.) Despite the prior orders, the Magistrate
14 Judge found that Plaintiff continued in his efforts to pursue improperly joined and dismissed claims
15 against Defendants Bicknell, Bergthold, Unknown Doe Officer and Nurse Doe, along with his claims
16 against Defendants Calhoun and Darbi. The Magistrate Judge therefore denied Plaintiff further leave
17 to amend. (ECF No. 39, p. 5.)

18 The Court has considered Plaintiff's request for further amendment. However, Plaintiff's
19 improper joinder of claims and defendants cannot be cured by amendment. As such, further leave to
20 amend is not warranted in this action. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (district
21 court should grant leave to amend unless it determines that the pleading could not possibly be cured by
22 the allegation of other facts.)

23 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de
24 novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections,
25 the Court finds the Findings and Recommendations to be supported by the record and by proper
26 analysis.

27 Accordingly, IT IS HEREBY ORDERED that:
28 1. The Findings and Recommendations, issued on January 29, 2014, are adopted in full;

1      2.    This action shall proceed on Plaintiff's claims against Defendants Calhoun and Darbi for failure to protect and against Defendant Calhoun for deliberate indifference to serious medical needs in violation of the Eighth Amendment;

    3.    All other claims and defendants are dismissed as improperly joined in this action under Federal Rules of Civil Procedure 18 and 20; and

    4.    This action is referred back to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **March 10, 2014**          **/s/ Lawrence J. O'Neill**
                                                   UNITED STATES DISTRICT JUDGE