UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSAM KADDOURA,<br><br>            Plaintiff,<br><br>      v.<br><br>MATTHEW CATE, et al.,<br>            Defendants. | Case No.: 1:11-cv-01422-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Hosam Kaddoura ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 29, 2014, the Court issued an order authorizing service of Plaintiff's second amended complaint, and requiring Plaintiff to fill out and return the USM-285 forms and summonses within thirty days.  On July 18, 2014, after more than thirty days passed and Plaintiff failed to comply with or otherwise respond to the order, the Court ordered him to show cause why this action should not be dismissed for failure to prosecute, and warned him that the failure to file a response to the order would result in dismissal of the action.  (ECF No. 43.)  Several months have passed and Plaintiff has not responded to the order to show cause.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to

1

comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *Id.* (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to these particular court orders, the Court is left with no alternative but to dismiss the action for failure to prosecute. *Id.* This action, which has been pending since 2011, can proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. *Id.* Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 22, 2015**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE